## James Hannum *against* William Askew.

Privilege of a suitor, does not hold in the case of judicial process.

MOTION to discharge the defendant from his arrest, he being taken under a *ca. sa.* while attending this court as a suitor. It was said by his counsel, that the authorities cited in Wood's Institute 503, 576, 596, 600, (according to the different editions) do not prove the doctrine there laid down. And the court in Starret's case, Dallas 356, 357, relied much on Wood. Neither 1 Vin. 11, 1 Lev. 159, or 3 Inst. 141, upon inspection, establish any distinction as to privilege in the case of mesne and judicial process. The word "arrest," is comprehensive, and will equally include both. They urged the inconveniences which must necessarily attend the practice of not extending the privilege of the court to arrests on a *ca. sa.* No juror or witness would obey the legal process, if, when called to discharge their duties, they would be liable to be imprisoned by an execution. It was contended also, that there was a difference between the taking on a *ca. sa.* which had issued before the privilege commenced, in which case the court would not relieve, and where the execution had issued after the commencement of privilege. In the last instance, it was said to be an immediate contempt of the court, wherein its honor was deeply interested to afford redress.

Shippen, J. The doctrine is well and summarily laid down in 3 Blackst. Com. 289, respecting privilege. I think him much better authority than Wood, as a common law writer. He says, "Clerks, attorneys, and all other persons attending "the courts of justice, are not liable to be arrested by the ordi-"nary process of the court, but must be sued by bill, as being "personally present in court." These words explain his idea of "arrest," and confine it simply to mesne process. The difference contended for as to the time of issuing the execution, cannot exist; for the sole question is, whether the service of the *ca. sa.* under such circumstances is proper or *26]* not. No case has been shewn where *privilege has been held to extend to a *ca. sa.*, and whatever may be the inconveniences resulting from a contrary doctrine, I conceive myself bound "*stare decisis.*"

Yeates accord. I was of counsel in Starret's case, and it was then pressed that the authorities cited by Wood, did not

[Hannum v. Askew.]

warrant his doctrine. This gave rise to the chief justice's remark respecting the author. Upon my return from the circuit, I examined the point very fully, and found that 2 Trials per Pais 382, 3 Salk. 46, Crompton's Just. 162,[b] or 181,[a] according to the different editions, fully established the distinction which is now contended against. Upon the most thorough search, I could not find any cases of discharges upon *ca. sa.* on the foot of privilege, except where attorneys were taken on executions immediately attending in court or on a judge. It perhaps is probable, the mode and time of taking were in those instances deemed contempts, and held to be an immediate impeding of justice; such as, an attorney attending his client's business in the hall, was arrested on an attachment for contempt, but discharged. Pract. Reg. in C. B. 40. So were taken in execution on a *ca. sa.* Cooke's cases of Pract. 64. So attorney taken in execution while attending the execution of a writ of inquiry, discharged. Pract. Reg. in C. B. 41. Cooke's Cas. 102. 1 Barnes, 137, S. C. So attorney summoned to attend a judge, and taken in execution during his attendance, discharged. Cooke's Cas. 140. Motion denied. *Vid.* 1 Hatsel's Precedents, 47, 66, 67.

Messrs. Duncan and Hopkins *pro quer.*

Messrs. Randolph and Hamilton *pro def.*

This point was decided differently in the Circuit Court of the United States for the district of Pennsylvania, between Broome and Hurst, October Sessions 1804.