### Hurst's Case. (b)

### Privilege of suitor.

A citizen of another state, who, when in attendance on court as a suitor, has been subpœnaed as a witness in another case, is privileged from an arrest in execution, issuing from a state court, while at his lodgings; and the sheriff will be indemnified, by an order of discharge of a court of competent jurisdiction.

On the affidavit of Timothy Hurst, it appeared that he had come from his residence at New York, to attend the trial of *Hurst* v. *Hurst* (in which he was a party), at the present term; that after his arrival, he had been subpœnaed as a witness, in the case of *W. Hurst* v. *Rodney*, which was also upon the trial-list; that yesterday (the 13th of November), while he was at his lodgings, in Hardy's tavern, he had been arrested by the sheriff, upon a *ca. sa.* issuing from the supreme court of Pennsylvania; and that he had come to Philadelphia, and was remaining here, at the time of the arrest, only upon the business of his suit, and in obedience to the *subpœna.*

---

(a) This judgment was affirmed by the supreme court, in 4 Cr. 48.
(b) s. c. 1 W. C. C. 186.

*Ingersoll,* upon these facts, moved that Hurst should be discharged from the custody of the sheriff. And he argued, in support of the motion : 1st. That the application was properly addressed to this court, and not to the supreme court. 2d. That a discharge from the *ca. sa.,* by order of the court, without the consent or concurrence of the plaintiff, would not operate as a satisfaction of the debt ; and another execution might afterwards be taken out. 3d. That the discharge by a competent court, would excuse and protect the sheriff, in an action for an escape. Barnes 2 ; Ld. Raym. 1524 ; Bac. Abr. 631 ; 5 T. R. 686 ; 5 Bac. Abr. 617, 673 ; 1 H. Bl. 636 ; Tidd Pr. 61 ; 2 Str. 990 ; 1 Dall. 356 ;(*a*) 3 Ibid. 478 ; Dyer 60.(*b*)     [*388

*Rawle,* in opposition to the discharge, insisted, that under the circumstances of this case, Hurst was neither privileged as a witness, nor as a party. 1st. Not as a witness : the arrest was made at the lodgings of the defendant ; but although a witness is privileged, while he is going from home, while he is actually attending the court, and while he is returning to his home ; he is not privileged while he is at home. 2d. Not as a party : if the privilege of a party is not limited to the same times and places, as the privilege of a witness, its extent is indefinite, and its operation unequal. Is a suitor in this court, residing in Georgia, protected from arrest, as soon as he receives the notice of trial, in his own state, and in every state through which he passes on his journey to Philadelphia ? Again, is every resident citizen of Philadelphia, who has a suit depending, privileged during the trial term, not only while actually attending the court, but while at home, with his family ? · And if not, why should a non-resident suitor be protected at his lodgings, which are his home ? There is, indeed, a distinction between the cases, favorable to the witness ; for a witness is under an absolute obligation to attend the court ; but a party may prosecute his suit by an attorney, without personal attendance. Besides, the sheriff will be bound to show a regular discharge, in an action for an escape ; and if the supreme court should adhere to the rule in *Starret's case,* the order of this court will not be a justification. 1 Brownl. 15 ; Barn. 200 ; 5 T. R. 686 ; 2 Cha. Ca. 69 ; T. Raym. 100 ; 2 Ld. Raym. 1524 ; 6 Com. Dig. 89, 88 ; Wood's Inst. 478 ; 2 Bro. Abr. 159, tit. Priv., pl. 37.

WASHINGTON, Justice.—I will not examine the powers of the supreme court of the state, upon the present occasion. It is enough, to ascertain that the power of this court is competent to the object proposed. If, indeed, any injury would be done either to the plaintiff in the suit, or to the sheriff (both of whom have acted innocently, and without knowledge of the facts, on which the claim of privilege arises), by our interposition, we might be induced to pause upon the subject. But, as to the plaintiff, it is clear, that he may renew his execution, whenever the privilege ceases : and as to the sheriff, the order of a court of competent jurisdiction, touching the subject-

---

(*a*) It was admitted by the counsel, on both sides, that the authority of Starret's case, had been often doubted, both on the bench and at the bar, though never expressly overruled.[1]

(*b*) See also, 1 Dall. 357 note.

[1] But see the opinion of Yeates, J., in Hannum *v.* Askew, 1 Yeates 25.

matter, must be a conclusive justification in every other court, acting upon sound principles of law and justice.

To decide the principal question, therefore, I find it necessary to go no further than to state, that I think the witness was, in *this case, privileged, while he was at his lodgings. The *subpœna* was in force; and the arrest of the witness, at that place, has all the effects which could be produced by an arrest in the streets while coming to or going from the court.

PETERS, Justice.—I concur in the sentiments that have been expressed by the presiding judge; and add, as my separate opinion, that the party is entitled to be discharged, upon both the grounds of privilege.

A special order of discharge was, accordingly, made and filed, at the instance of *Dallas*, who appeared for the sheriff.